IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAMAR COPELAND, )
          Plaintiff, )
)
  vs. ) Civil Action No. 13-1584
) Magistrate Judge Maureen P. Kelly
CLARION COUNTY PRISON; DEPUTY )
WARDEN DON OWENS, )
          Defendants. )

## OPINION AND ORDER

**Kelly, Magistrate Judge**

Plaintiff, Lamar Copeland, has presented a civil rights complaint against Defendants Clarion County Prison and Deputy Warden Don Owens, alleging that Defendants violated his rights under the Eighth Amendment to the United States Constitution as a result of indifference to a variety of medical conditions. [ECF No. 4].

On January 21, 2014, Plaintiff filed a Motion to Amend his Complaint to join additional parties and claims to this action and to advise the Court of his new address since he had been released from Venango County Prison. [ECF No. 8] On January 30, 2014, this Court issued an Order granting the Motion to Amend Complaint and directing Plaintiff to file his Amended Complaint no later than February 28, 2014, and advising him that the failure to file the Amended Complaint by that date could result in the dismissal of the case for failure to prosecute. [ECF No. 9]. Because Plaintiff failed to file his Amended Complaint as ordered, this Court entered an Order to Show Cause on March 7, 2014, returnable on March 21, 2014, to show cause why this action should not be dismissed for Plaintiff's failure to comply with the Order dated January 30,

1

2014. [ECF No. 15]. To date, Plaintiff has failed to respond to the Order to Show Cause or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weigh heavily against him. Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so even two months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess

the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek v. Rigatti, 964 F.2d at 1373.

AND NOW, this 14th day of April, 2014, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/Maureen P. Kelly
United States Magistrate Judge

cc: Lamar Copeland
 325 Avenue A
 Pittsburgh, PA 15221

 All counsel of record via CM/ECF